The Consolidated Coal Company of St. Louis

*v.*

Fred G. Oeltjen, Conservator.

*Opinion filed February 20, 1901.*

1. Practice—*at common law, errors of fact were corrected on writ of error coram nobis.*  At common law, if a judgment was erroneous in a matter of fact, only, the party against whom the error was committed was entitled to have the judgment reversed in the same court on writ of error *coram nobis.*

2. Same—*that plaintiff procures judgment to be entered against him while insane is an error of fact.*  That a plaintiff, while insane, appeared in court, by attorney, and procured a judgment to be entered against him on his own motion, is an error of fact which, under our statute, may be corrected in the same court upon motion in writing, which takes the place of the writ of error *coram nobis.*

3. Same—*motion to correct error of fact is not addressed to equitable power of court.*  A motion to correct an error of fact is not one which the court may allow or deny in its discretion, but if such error has, in fact, been committed, it is the right of the complaining party to have the same corrected.

4. Actions and defenses—*pendency of suit subsequently brought is no defense.*  The pendency of a suit subsequently commenced can not be pleaded in abatement or bar of the first action, since it is the subsequent suit which must be abated, if any.

*Consolidated Coal Co.* v. *Oeltjen,* 91 Ill. App. 123, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. Robert B. Shirley, Judge, presiding.

Charles W. Thomas, for appellant.

Rinaker & Rinaker, and Zink, Jett & Kinder, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

Fred Bolliger brought this suit in the circuit court of Macoupin county, against appellant, to recover damages for personal injuries suffered by him.   He afterward ap-

peared by an attorney authorized by him for that purpose and moved the court to dismiss his suit, which was done and judgment was entered against him. The appellee, Fred G. Oeltjen, having been appointed conservator of said Fred Bolliger, entered his motion to set aside and vacate said judgment, on the ground that said Bolliger was *non compos mentis* and incapable of appearing by the attorney and moving to dismiss his suit, and that the judgment entered on his motion was erroneous. The circuit court heard and sustained the motion, vacated the judgment, re-instated the cause and substituted appellee, the conservator, as plaintiff. The declaration was amended by making a like substitution. The plea of the general issue previously filed was withdrawn and a plea in abatement was interposed, which was demurred to and the demurrer was sustained. Leave was then given to again file the general issue, which was done, and there was a trial resulting in a verdict and judgment against appellant. The Appellate Court has affirmed that judgment.

At common law, if a judgment was erroneous in a matter of fact, only, the party against whom the error was committed was entitled to have the judgment reversed in the same court on a writ of error *coram nobis.* The office of that writ was to bring to the attention of the trial court errors of fact such as the alleged error in this case, and to obtain relief therefrom. If Bolliger was insane when he appeared·in court by an attorney and procured a judgment to be entered against him on his own motion, it was such an error as at common law would have been corrected by that writ, and our statute provides that such errors as might have been corrected in that way at common law may be corrected upon motion in writing. Upon such a motion an issue is made up, and the issues in the original action as well as the issues subsequently tried under the plea of the general issue were in no way involved in the motion. That motion presented an issue of fact which was tried by the court and

found for the appellee, and judgment was entered on the motion reversing and setting aside the judgment against Bolliger theretofore entered.   The parties have treated the appeal to the Appellate Court, and the further appeal to this court, as bringing up for review both the proceedings on the motion substituted for the writ of error *coram nobis* and the subsequent trial and judgment on the issue made by the pleadings, and we have considered all the complaints made.

Appellant contends that the court erred in sustaining the motion, because it was shown that appellee, as conservator of Bolliger, had another suit pending in the same court against appellant for the same cause of action.   The argument is, that, having a suit pending for the same cause, he had an opportunity to establish his cause of action against appellant, and it was error to allow him to re-instate another suit for the same purpose. The only question before the court on the motion was whether the error of fact alleged had been committed. If that question was found for the appellee he was entitled to have the judgment set aside for the error.   His motion was not addressed to the equitable powers of the court, and the motion was not one which the court might allow or deny, in its discretion.   If another suit were pending for the same cause of action when this suit was begun it would not cure the error.   But the other suit referred to was brought after this suit.   It is the subsequent suit which is to be abated, if any.   The pendency of a suit subsequently commenced cannot be pleaded in abatement or bar of an action.   The rule that a party cannot have two suits in the same court at the same time for the same cause of action can only be invoked in the second suit.   We do not see how the pendency of a suit afterward brought could be made use of by appellant on the motion.

It is also argued that the affidavits were not sufficient to establish the fact of Bolliger's mental incapacity, but we think they are sufficient for that purpose.

Appellant also complains that it was prejudiced on the trial before the jury by the court admitting in evidence, against its objection, appellee's letters as conservator. Under the issue the character in which the appellee brought the suit was admitted and was not in issue. The letters were not proper evidence to maintain any issue, but we do not see how appellant could have been injured by the ruling. The jury could not have been ignorant of the fact that appellee was conservator, and the letters showed nothing more.

The court also admitted in evidence, against the objection of appellant, a stipulation between Bolliger and appellant filed in another suit, by which the question of appellant's liability to Bolliger was to abide the event of the other suit. It was agreed in the stipulation that if a verdict should be returned against appellant in the other suit, the amount of damages alone should be tried in this case. It was the duty of the court to state and submit to the jury the issue submitted to them, and the stipulation was improperly admitted to be read to the jury. The stipulation was a matter entirely and solely for the court in fixing the question to be passed upon by the jury, and the claim of appellee that it was proper to go to the jury to enable them to determine what issues they were trying cannot be sustained. This is not the province of the jury. But we do not consider the ruling a ground for disturbing the judgment. The stipulation merely presented in the form of evidence to the jury information which should have been given to them by the court in a proper instruction, and we cannot see that the error could make any difference in the amount of damages awarded.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*