## Edward C. Loew, Appellant, v. Harry F. Krauspe, Appellee.

### Gen. No. 29,649.

1. APPEAL AND ERROR—*appealability of order setting aside judgment for errors of fact.* An order entered in proceedings in the nature of a writ of error *coram nobis*, under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, to vacate a judgment entered during a prior term, based on a finding that errors of fact were committed in the rendition of such judgment, is an appealable order.

2. JUDGMENTS—*power to set aside after judgment term has passed.* After the judgment term has passed, a judgment cannot be set aside except for certain errors of fact committed in the proceedings, and then in the manner provided by section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89.

3. JUDGMENTS—*when vacation of judgment for errors of fact improper.* When a case, after proper affidavit and notice duly served and filed, had been placed on the short cause calendar the effect was to strike it from the general calendar which the particular judge was calling; and where such case was then placed on the short cause call of the judge assigned to try all short cause cases, for a certain day, and on that day the judge was engaged and the case was placed on the short cause call for a later day by the clerk, the failure to call the case on the first day did not constitute a continuance resulting in striking the case from the short cause calendar, and there was no default or misprision of the clerk in placing the case on the call for the later day, without prior service and filing of a new notice and affidavit; and where default judgment was entered on such later day, an order entered after the judgment term in proceedings in the nature of a writ of error *coram nobis*, setting aside such judgment, based on a finding that errors of fact were committed in the rendition of such judgment, by reason of the manner of setting and the trial of the case, was reversed.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the second

division of this court for the first district at the October term, 1924. Reversed. Opinion filed June 9, 1925.

**Statement by the Court.** By this appeal the plaintiff, Loew, seeks to set aside an order· of the circuit court of Cook county, entered June 9, 1924, granting the written motion of the defendant, Krauspe (in the nature of a writ of error *coram nobis* under section 89 of the Practice Act) [Cahill's St. ch. 110, ¶ 89].to set aside a judgment for $4,000, rendered against him on February 18, 1924; setting said judgment aside and ordering that the cause be restored to its proper place upon the regular trial calendar, but without prejudice to the right of Loew to have the same placed upon the short cause calendar.

On August 23, 1923, Loew, by Charles Hudson, his attorney, commenced an action in assumpsit against Krauspe. The declaration claimed damages in the sum of $5,590 for the alleged breach of a written contract of sale of certain shares of the stock of a corporation. On October 16 Krauspe entered his appearance, by D'Ancona & Pflaum, attorneys, and filed a plea of the general issue and an affidavit of merits stating facts tending to show a defense. On January 25, 1924, Hudson, for Loew, made and filed the usual affidavit and caused to be served on defendant's attorneys the usual notice to place the cause on the short cause calendar, and the same was placed thereon by the clerk of the court, all in accordance with section 27 of the Practice Act [Cahill's St. ch. 110, ¶ 27]. When the suit was begun it had been placed on a law calendar (No. 4) to be called by Judge Scanlan, but afterwards he was assigned, because of an emergency arising, to hear a special chancery calendar, and during February, 1924, was hearing chancery cases. By order of the judges of the circuit court Judge Swanson had been assigned to try *all* short cause cases and this particular case was placed on a calendar of cases to be tried before him on Monday, February 18, 1924,

due notice having appeared in the Daily Law Bulletin. The case was reached for trial on that day, but neither defendant nor anyone for him appeared, and after a hearing on plaintiff's evidence alone the jury returned a verdict in plaintiff's favor for $4,000, and the court entered judgment thereon.

On May 6, 1924, after the term at which the judgment was entered had passed, defendant, by his attorneys, obtained leave to file and filed a written motion "to set aside the judgment  *  *  *  and to restore said cause to the calendar where the same properly belongs." The motion was supported by the affidavits of defendant and others, which were read at the subsequent hearings, as were also the counter affidavits of plaintiff's attorney. Testimony also was heard and certain documentary evidence introduced.

In the written motion, after stating the commencement of the suit, the filing of the declaration and plea and the placing of the case upon the short cause calendar upon due notice as above mentioned, defendant alleged in substance that in a certain book, kept in the general office of the clerk of the court and entitled "Assignment Notice Short Cause Calendar," there appeared on a certain page, prior to February 18, 1924, the numbers, names and dates of filing short cause notices, of six cases, of which the case of *Loew v. Krauspe* (hereinafter referred to as the *Loew* case) was the second, but not the name of any judge who was to call them; that the *Loew* case was ready to be called as a short cause case on February 11; that Judge Swanson's minute clerk did not place any of these cases on the "call sheet" of cases for February 11 before said judge, but placed all of them on the call sheet for February 18, and not in the same order as they were on the short cause calendar—the *Loew* case being the sixth instead of the second; that it is provided in section 28 of the Practice Act [Cahill's St. ch. 110, ¶ 28] as follows:

"It shall be the duty of *each* judge of a court of record engaged in the trial of suits on the common law docket to set apart and designate at least one day in each week   *   *   *   for the trial of suits upon the 'Short Cause Calendar,' and such suits shall be tried and disposed of on said days in the order in which they are placed upon such calendar, and such   *   *   * calendar shall be a continuous calendar, and suits once placed upon it shall remain thereon until disposed of in their order."

That when said short cause notice was served on defendant's attorneys they were not given any notice that the cause would be called before Judge Swanson instead of Judge Scanlan; that the cause was not called as a short cause case on February 11 by Judge Scanlan, or Judge Swanson, or by any other judge of the circuit court, and no notice of any "continuance" of said cause was given defendant or his attorneys; that "neither the clerk nor any judge of the court had any power to continue said cause from February 11th to February 18th, and that if it was called for trial on February 18th, by reason of any continuance or pretended continuance, such continuance resulted in striking the cause from the short cause calendar, and it should not again have been placed on such calendar without giving a proper notice to defendant"; and that defendant has a meritorious defense to plaintiff's action (setting forth facts tending to show such defense).

Plaintiff filed an answer to defendant's motion or petition in which he stated that the same should not be allowed (a) because the term at which the judgment was entered had passed; (b) because the court in entering the judgment had complete jurisdiction of the subject matter and the parties; (c) because the judgment was not entered by reason of any *mistake of fact;* (d) because neither defendant nor his attorneys had been deceived or misled in any way; and (e) because the cause had been regularly put at issue, called and tried, and the judgment regularly entered.

The bill of exceptions discloses that on the hearing of the motion defendant's attorney, Mr. Pflaum, introduced in evidence a page of said short cause calendar book, showing the numbers and titles of six law cases in regular order, also the dates of the filing of the several notices and affidavits required by the statute, and also the dates when the causes could first be placed for trial on the call of a judge. The first case is *Wright v. Monroe Trust Co.* and the date mentioned for first placing it on the call is January 21, 1924; the second is the *Loew* case and the date for first so placing it is February 11; of the other four cases the said first date of two is February 11 and of the remaining two February 18. There was also introduced the "call sheet" showing Judge Swanson's call, previously published in the Law Bulletin, for February 11. On this sheet appears in typewriting the number and title of the *Wright* case, under the heading "Short Cause," as the *only* short cause case to be called on that day. Underneath appears the further heading "Trial call," following which are the numbers and titles of 18 other cases (not short cause cases) and under the further heading "On Trial" are the numbers of two cases on trial, entitled *"In re Howard."* On the sheet also appear in ink the minute clerk's indorsements, showing the disposition of certain of the cases, and, as to the *Wright* case, the indorsement is "Hold February 18th, S. C. Cal'd'r." There was also introduced Judge Swanson's call sheet for Monday, February 18, previously published in the Law Bulletin. On this sheet, under the heading "Short Cause," appear the numbers and titles of the six cases above mentioned—the *Wright* case being the first, and the *Loew* case being the sixth instead of the second; then follow the numbers and titles of six other short cause cases; then follows the "trial call" for "2 p. m.," giving the numbers and titles of cases, other than short cause cases, to be called that afternoon. On the sheet also appear in ink the minute

clerk's indorsements as to the disposition of all five of said short cause cases which preceded the *Loew* case, and the indorsement as to the *Loew* case, "Verd. Fdg. $4000, Jud't. on Verd." The affidavits of Harry Blitzsten and Benjamin Jaffe, attorneys in the employ of defendant's attorneys, were to the effect that when the notice was served to place the *Loew* case on the short cause calendar said case was on general calendar No. 4, assigned to Judge Scanlan; that on February 11 and 18, 1924, said judge was not hearing law cases from said calendar but certain chancery cases under a general order of the judges of the court entered October 5, 1923; that no notice had been served on defendant's attorneys by plaintiff, either prior to February 11 or February 18, that the *Loew* case had been transferred to any other judge; and that the first notice that they, or defendant, or any of his attorneys, had of the entry of the judgment was on April 18, 1924, when an execution was served on defendant. The record of the proceedings above mentioned in the *Loew* case, resulting in said judgment against defendant, was introduced in evidence, and it appeared from a stipulation made in open court that on February 11 Judge Swanson did not hear any short cause cases— being on that day engaged in hearing various cases on his regular trial calendar—and thereafter, with the exception of one case on February 14, did not hear any short cause cases until February 18.

On the hearing, on behalf of plaintiff, there were introduced in evidence certain rules of the circuit court, one to the effect that the assignments of cases among the several judges should from time to time be determined by the order of the executive committee of the judges;—another to the effect that said committee had power, upon an emergency arising, to transfer any case or cases to any judge;—and a third, regarding short cause cases, to the effect that "Monday of each week" is set apart as the day for the trial of cases "upon the Short Cause Calendar"; that notice to

place a case on such calendar must be filed with the clerk not later than 11 days before the Monday on which the case is set; and that all cases not reached for trial on the Monday designated shall "stand continued until the following Monday." There was also introduced a general order of the judges of the court, entered of record July 16, 1923, relative to the assignment of seven judges to hear seven common-law calendars, commencing at the September term, 1923, and as to the assignment of certain judges to hear chancery cases. In this order Judge Swanson was assigned to hear "short causes," and it was further ordered that all assignments of the several judges should be printed on the inside of the covers of the calendars to be printed and distributed by the clerk to the members of the bar. There was also introduced an order of the judges of the court, entered December 10, 1923, to the effect that all pending cases appearing on calendar No. 4, previously assigned to Judge Scanlan, be transferred to and heard by Judge McGoorty. The affidavits of plaintiff's attorney, Hudson, stated in substance that said general order of July 16, 1923, was complied with by the clerk; that the calendars were printed and distributed, on the inside covers of which appeared the assignment of Judge Swanson to hear cases from the "Short Cause Calendar"; that defendant's attorneys were subscribers for the Law Bulletin and had been since said order was entered; that neither defendant's attorneys nor any of their assistants were in Judge Swanson's court on February 18, 1924; that the "call" of all cases, to be heard by Judge Swanson on February 18, was published in the said Law Bulletin on February 16, the same as in the "call sheet" made out by the clerk; that after said judgment had been entered by Judge Swanson he (Hudson) had a conversation with defendant's attorney, Pflaum, on April 21, 1924, at which Pflaum stated in substance that the reason for the absence of de fendant or any of his attorneys from Judge Swan-

son's court room on February 18, 1924, was that his docket clerk had "made a bull," and that said clerk after receiving the short cause notice "did not follow it up." The making of these statements was not denied by Pflaum. The affidavit of said docket clerk, however, was introduced by defendant and read in evidence, to the effect that from the time of the commencement of the suit he each day read the Law Bulletin; that after receiving said short cause notice he read the bulletin of Friday and Saturday, February 8 and 9, preceding Monday, February 11, and did not find said *Loew* case noted on the calls of either Judge Scanlan, Judge McGoorty or Judge Swanson; that he had no knowledge of the placing of said case upon any trial call for February 18; that "he did not read the Bulletin of Friday, February 15th, or Saturday, February 16th; and * * * that he did not therefore call to the attention of the lawyers in said office in charge of trials that said cause was noted on the trial call of Judge Swanson for February 18, 1924."

CHARLES HUDSON, for appellant.

D'ANCONA & PFLAUM, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

After a review of the petition or motion, plaintiff's answer thereto, the affidavits and documentary evidence introduced on the hearing, and the exhaustive briefs and arguments of respective counsel, we feel constrained to hold that the circuit court erred in entering the order appealed from, viz., setting aside said judgment for $4,000 against defendant, etc. Said order, based as it was on a finding that errors *of fact* were committed in the rendition of the judgment, is an appealable one. (*Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516, 526.) Defendant's motion to set aside the judgment was not made until after the

term at which it was entered had passed. It is well settled that, after the term has passed at which a court having jurisdiction of the subject matter and of the parties has entered a judgment, such judgment cannot be set aside by said court except for certain errors of fact committed in the proceedings, and then in the manner as provided by section 89 of our Practice Act [Cahill's St. ch. 110, ¶ 89]. (*Kelly v. City of Chicago*, 148 Ill. 90, 96; *People v. Weinstein*, 298 Ill. 264, 269; *Pisa v. Rezek*, 206 Ill. 344, 345; *Consolidated Coal Co. v. Oeltjen*, 189 Ill. 85, 87; *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516, 519; *Marabia v. Mary Thompson Hospital*, 309 Ill. 147, 152.) In the *Oeltjen* case it is stated that the motion is not one which is addressed to the *equitable* powers of the court, nor one which the court may allow or deny in its discretion. In the *Cramer* case it is said (p. 521) that "the motion is not intended to relieve a party from the consequences of his own negligence," and (p. 522) that "the error in fact which may be assigned under the motion must be some fact unknown to the court which, if known, would have precluded the rendition of the judgment." In the *Marabia* case (p. 153) there are listed certain errors of fact, which may be corrected by motion under the statute, viz.: "The disability of parties, the incapacity of the plaintiffs to sue or the disability of the defendants to defend, such as infancy, coverture, death of one or more of the parties, death of a joint party, insanity"; and the court says: "Any of these facts, if known to the court, would prevent the entry of a judgment, and it is to error arising out of lack of knowledge by the court of such facts that the writ of error *coram nobis*, or the motion which is its substitute, applies, and not to lack of knowledge on the part of the court of facts constituting a cause of action or a defense to it."

Counsel for appellee mention in one part in their printed argument the "default or misprision of the clerk" in erroneously placing the *Loew* case on the

"call" for February 18, 1924, instead of February 11, when it was first ready to be tried as a case properly on the short cause calendar; and in another part of their argument they state that there were "three undisputed errors *of fact*," viz.: (a) "The unauthorized act of the minute clerk in placing the case on the trial call on February 18th *when it had been set for trial* on the short cause calendar for February 11th." (b) "The unauthorized act of the minute clerk in placing the case on the trial call of Judge Swanson, when it properly belonged to the trial call of Judge McGoorty." (c) The fact that the case was not called or tried on February 11, although "set for trial on the short cause calendar" for that date, but was called and tried on February 18, "constituted a continuance of the case which, by virtue of the statute and the law, resulted in striking it from the short cause calendar, and it could not again be placed thereon without the service and filing of a new notice and affidavit." Under the allegations of defendant's petition and the evidence presented on the hearing of his motion we fail to find any "default or misprision" of Judge Swanson's minute clerk in placing the case on Judge Swanson's call for February 18, instead of February 11. Doubtless he acted under the orders of Judge Swanson in making up the calls for both of those days. While the evidence discloses that the case was ready to be tried as a short cause case on February 11, it also appears that Judge Swanson was engaged on February 11 in completing the hearings, previously entered upon, of two cases, entitled *"In re Howard,"* and doubtless he, in directing the number of cases to be placed on his call for February 11, took into consideration the fact that he would be so engaged. Furthermore, it is provided in section 28 of the Practice Act [Cahill's St. ch. 110, ¶ 28] that the short cause calendar "shall be a continuous calendar and suits once placed upon it shall remain thereon until disposed of in their order."

As to the three "undisputed errors of fact" above mentioned, appellee's counsel in two instances make the erroneous assumption that the case was set "for trial" on the short cause calendar for February 11. The evidence discloses that the first time the case was set *for trial* was when it was placed on Judge Swanson's call for February 18. And we fail to see wherein Judge Swanson's minute clerk committed any unauthorized act in placing the case on Judge Swanson's trial call for February 18, or that the case should have been placed on Judge McGoorty's trial call. It clearly appears from the evidence that by general orders of the judges of the circuit court, of which all attorneys were given timely notice, Judge Swanson had been assigned to hear *all* short cause cases of said court. And when the case, after proper affidavit and notice duly served and filed, had been placed on the short cause calendar, the effect was to strike it from calendar No. 4 of the general calendar, which Judge McGoorty by order of the judges was then calling. (Section 31, Practice Act.)  [Cahill's St. ch. 110, ¶ 31.]  As to appellee's counsel's point "c," above mentioned, it is evident that they have in mind the provisions of section 30 of the Practice Act [Cahill's St. ch. 110, ¶ 30], as follows: "A suit upon the 'Short Cause Calendar' may be passed or continued for good cause shown the same as other suits, and if so passed or continued it shall lose its place upon such calendar, but may be again placed thereon." The evidence does not disclose that the *Loew* case was ever passed or continued. After it was placed on the short cause calendar, the first time it was set for trial was on Judge Swanson's call for February 18, the day it was tried.

For the reasons indicated the order of the circuit court appealed from, entered June 9, 1924 (setting aside the judgment for $4,000 rendered against Harry F. Krauspe on February 18, 1924) is reversed.

*Reversed.*

FITCH, P. J., and BARNES, J., concur.