Fred Michel, Appellee, v. Edgewater Hospital, a Corporation, Appellant.

**Gen. No. 47,296.**

First District, Second Division.
June 17, 1958.
Released for publication July 15, 1958.

Rothbart & Rosenfield, and Lord, Bissell & Brook, all of Chicago (Gordon R. Close, Richard E. Mueller, and James J. Walsh, of counsel), for defendant-appellant.

Jesse L. Lawyer, of Chicago, for Fred Michel and Elsie Michel, conservator of estate of Fred Michel.

JUSTICE MURPHY delivered the opinion of the court.

This is an appeal by defendant Edgewater Hospital from an order vacating and setting aside a judgment dismissing plaintiff's action for personal injuries, upon a motion in the nature of a writ of error coram nobis. Sec. 72, Civil Practice Act [Ill. Rev. Stats. 1957, Ch. 110, § 72].

On May 24, 1945, certain attorneys, on behalf of plaintiff, filed a complaint in the Circuit Court of Cook County, Illinois, against the Hospital, to recover damages for injuries alleged to have been sustained by plaintiff, as a result of the negligence of the Hospital, while he was a patient therein. The Hospital's answer denied liability and included an affirmative defense that it was a charitable corporation. Plaintiff filed no reply, and on April 23, 1946, the trial court, on defendant's motion, entered judgment on the pleadings and dismissed the suit with prejudice, at plaintiff's costs, on the basis of the affirmative defense.

On June 7, 1955, plaintiff filed his motion to vacate and set aside the order of the trial court of April 23, 1946, and to reinstate the cause on the ground that plaintiff had been non compos mentis since October 8, 1943, and no conservator had been appointed to protect his interests at the time his case was dismissed. On June 22, 1955, the trial court overruled defendant's motion to strike the motion, and defendant answered. On June 7, 1956, Elsie Michel, as conservator of the estate of Fred Michel, was substituted as plaintiff and filed an amended motion. Affidavits were filed by both sides as to plaintiff's mental condition.

On April 5, 1957, the trial court vacated the judgment of April 23, 1946, after finding that Fred Michel

161

had been non compos mentis since October 8, 1943, and was incapable of appearing only by attorney in any litigation; that no representative was appointed to represent Fred Michel until Elsie Michel was appointed conservator on November 28, 1955; and that the court did not know of the mental condition of Fred Michel during the pendency of the litigation, "and had the court known that fact, together with the lack of representation, the court could not have gone ahead and entered a judgment on the pleadings and of Dismissal against Fred Michel on April 23, 1946."

Defendant appeals from that order and from the order of June 22, 1955, overruling defendant's motion to strike plaintiff's motion.

█ The office of a petition or motion in the nature of a writ of error coram nobis is to bring to the attention of the court matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition. Insanity has been given recognition in Illinois as a ground for a motion coram nobis. Consolidated Coal Co. v. Oeltjen, 189 Ill. 85 (1901); Central Cleaners & Dyers v. Schild, 284 Ill. App. 267; Ellman v. DeRuiter, 412 Ill. 285.

█ Defendant contends that on April 23, 1946, the doctrine of charitable immunity was an absolute defense to plaintiff's claim, irrespective of his mental incapacity (Piper v. Epstein, 326 Ill. App. 400 (1945)), and as a result of that doctrine, plaintiff's mental incapacity could not have precluded the entry of the original judgment, even though a conservator had been appointed at that time, as the trial court would have been required to decide the motion to dismiss on the law as it was then interpreted in Piper v. Epstein, supra, even though later superseded by Moore v. Moyle, 405 Ill. 555 (1950). We do not agree. When the court found the incompetency existed at the time of

162

the litigation, and that no guardian ad litem or conservator had been appointed to represent the litigant during the litigation, the court was required to vacate the judgment in question, without inquiry into the facts of the litigation. Consolidated Coal Co. v. Oeltjen, supra. This rule precluded a hearing as to the validity of the affirmative defense, as the only issue before the court was the mental incapacity of plaintiff on April 23, 1946.

As defendant does not question the finding of the trial court that plaintiff has been non compos mentis since October 8, 1943, we conclude the action of the trial court in the instant case to be correct, and we affirm the order vacating the judgment of April 23, 1946.

Affirmed.

KILEY, P. J. and LEWE, J., concur.