Edward O'Connell, Appellant, v. Prudence
Mutual Casualty Company, Appellee.

Gen. No. 47,729.

First District, Second Division.
December 31, 1959.
Released for publication January 19, 1960.

Edward D. Lapperre and A. Denison Weaver, of Chicago, for plaintiff-appellant.

Epton, Scott, McCarthy, and Epton, of Chicago (Saul A. Epton and Alfred S. Druth, of counsel) for defendant-appellee.

JUSTICE BURMAN delivered the opinion of the court.

This is an appeal by plaintiff from an order vacating a default judgment at law more than thirty days after its entry. On October 23, 1958, and while a motion to strike and dismiss was still pending, an ex parte judgment was entered against defendant for $1400. On December 23, 1958, defendant filed a petition to vacate the judgment and, among other things, alleges that the taking of the ex parte judgment was a breach of the dealings between the attorneys and an act of bad faith; that the attorneys entered into an oral stipulation, wherein plaintiff agreed to amend his statement of claim, and to substantiate the same the attorney for plaintiff sent a letter dated May 9, 1957, which letter was attached to the petition as an exhibit and recited: "Due to the pressure of other business I have been unable to get at this case, but will amend the pleadings in a short time and assume that you will stipulate to this effect, if necessary"; and that the judgment was therefore taken contrary to the stipulation.

Defendant prayed that the judgment and execution issued thereunder be declared null and void, and that the motion to strike and dismiss the statement of claim be heard and the matter set for trial.

■ The petition is brought under the provision of Rule 1, Section 72 of the Civil Practice Rules of the Municipal Court of Chicago, which Rule is a replica of the Civil Practice Act (Ill. Rev. Stat. 1959 Chap. 110,

Par. 72). The use of this motion has not been restricted to the narrow confines of its common-law antecedent rather, we find it has been used extensively to prevent injustice. This may be seen from an examination of the cases. Consolidated Coal Co. of St. Louis v. Oeltjen, 189 Ill. 85; Fields v. Berg, 333 Ill. App. 46; Larson v. Chicago, 320 Ill. App. 687; Ellman v. De Ruiter, 412 Ill. 285.

The court was not informed by plaintiff's attorney that there was a motion to strike the statement of claim still pending and that he had stipulated that he would file an amended statement of claim and that he wrote a letter agreeing to amend the pleadings in a short time.

■ The purpose of the writ of coram nobis at common-law and of the statutory motion under Sec. 72 is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time judgment was rendered would have prevented its rendition. Jacobson v. Ashkinaze, 337 Ill. 141; Lake View Trust & Sav. Bank v. Chicago, 314 Ill. App. 386 (abst.).

In the Lake View Trust case attorneys for the parties entered into an oral stipulation to continue a case pending a Supreme Court decision in a similar case. Relying on the stipulation, neither appeared when the case was called, and it was dismissed. Plaintiff moved to reinstate the case under Rule 72. This court held that the motion should have been granted, stating that bringing this stipulation to the lower court's attention "would undoubtedly have prevented the entry of the order."

■ We are of the opinion that the court did not abuse his discretion in setting aside the ex parte judgment and reinstating the cause.

For the reasons given, the order of the trial court vacating the judgment is affirmed.

Affirmed.

MURPHY, P. J. and KILEY, J., concur.