George John Adelhart, Plaintiff, v. Robert
Adelhart, et al., Defendants.
George John Adelhart, Plaintiff-Appellant, and Rob-
ert Adelhart, et al., Defendants-Appellants, v.
Marion Waddington, Defendant-Appellee.

Gen. No. 10,385.

Third District.
February 19, 1962.

Fribley & LaCharite, of Pana, for appellants.

Carl H. Preihs, of Pana, for appellee.

CARROLL, J.

This is an appeal from an order of the Circuit Court of Christian County, allowing a petition brought under Section 72 of the Civil Practice Act seeking relief from a decree entered in a partition proceeding.

On January 12, 1961, the plaintiff, George John Adelhart, filed suit to quiet title to and for partition of certain real estate. The portion of the complaint pertinent on this appeal is that with respect to the ownership of the property involved and reads as follows:

> "That as a consequence of the foregoing, Plaintiff George John Adelhart, and Defendants Robert Adelhart, Peter Adelhart, Maggie Adelhart Temmons, Lizzie Adelhart Finnegan and Helen Adelhart Pieper, are the owners as tenants in common in the proportion set opposite their respective names, *subject only to the rights of a farm tenant, the Defendant, Marion Waddington,* of the tracts of real estate described herein.

George John Adelhart, 1/7
Robert Adelhart, 1/7
Peter Adelhart, 1/7
Maggie Adelhart Temmons, 2/21
Lizzie Adelhart Finnegan, 2/21
Helen Adelhart Pieper, 2/21"

(emphasis ours)

The tenant, Marion Waddington, who will be referred to herein as the defendant, was served with summons and a copy of the complaint on January 13, 1961. The complaint contained no reference to defendant's tenancy other than that above quoted. On March 3, 1961, he was defaulted for failure to plead to the complaint. On the same date the Court heard evidence and entered a decree for partition. By said decree the Court found and decreed ownership of the premises to be as alleged in the complaint "subject only to the rights of the farm tenant, Marion Waddington." The decree also contained the following finding.

That the Defendant, Marion Waddington, is a tenant from year to year of said premises, under a crop sharing agreement, and that his tenancy will expire on February 28, 1962.

The evidence introduced at the hearing on March 3, 1961, consists solely of the testimony of Geo. J. La-Charite, one of the attorneys for the plaintiff and insofar as it pertained to the tenancy of Marion Waddington it is as follows:

Q. Who farms this land?
A. The land is presently farmed by Marion Waddington. He was served as a party to this suit and was served with summons and a copy of of the complaint.
Q. Now under what sort of tenancy does he occupy the premises?

A. He occupies the tenancy from, on a year to year basis, and his tenancy will presently expire February 28, 1962.

On March 17, 1961, the Court entered a decree directing that the premises be sold by the Master in Chancery at public auction on April 8, 1961, "subject to the rights of Marion Waddington, as tenant from year to year of said premises under a crop sharing agreement which will expire on February 28, 1962."

On April 4, 1961, the defendant filed a petition to vacate both the partition and sale decrees alleging that the partition decree was erroneous and fraudulently disclosed that defendant was a tenant on the land described therein as a tenant from year to year when in truth and in fact he was a tenant for a five year term under a written lease which he entered into with William Temmen, the agent and attorney in fact for the plaintiff and the other owners of the premises; that said lease, a copy of which is attached to the petition, was signed January 1, 1960, and has not been cancelled or terminated; that at and prior to the time of the entry of the partition decree the plaintiff knew of the existence of defendant's 5 year lease; that the power of attorney under which the agent of the owners acted, a copy of which was also attached to the petition, has not been cancelled; that said power of attorney authorized Temmen to lease said premises and to do all acts necessary in carrying out any lease he made; that the existence of the said power of attorney was known to some of plaintiff's counsel prior to the entry of the said decrees; that approximately two weeks prior to April 4, 1961, one of the attorneys for the plaintiff inquired of the defendant as to the terms of his lease and was informed that it had four more years to run; that on March 31, 1961, the defendant was informed by the owner's agent that he had not been discharged by the owners and defendant need not

82

worry but could remain on the land pursuant to the terms of his lease; and that defendant had no notice of any hearing concerning the terms of said lease.

The petition was heard on April 7, 1961, at which time the Court heard evidence which shows that on January 1, 1960, William Temmen, acting under the power of attorney given him by all of the Adelhart owners, leased the premises to the defendant; that said lease was in writing for a term of 5 years running from March 1, 1960 to March 1, 1965; that at the time of the entry of the partition decree defendant was in possession of the premises under said lease; that at and prior to the time the partition decree was entered all of the owners of the premises knew of the existence of defendant's 5 year lease. The evidence further shows that the Temmen power of attorney was in full force and effect at the time of the execution of defendant's lease. The defendant testified that he read the copy of the complaint attached to the summons and knew it stated that he was a tenant on the land; that he first learned that the decree described his tenancy as being from year to year when he saw the sale notice in the newspaper; that about the same time George LaCharite, one of plaintiff's counsel, asked him about the crop sharing agreement on the farm; that defendant then said to LaCharite, "What about my lease which runs for 4 years yet?"; that he received no reply to this inquiry; that his attorney and present counsel was then absent from his office on vacation and as a result he consulted another attorney who said there was nothing he could do; and that he contacted his present attorney as soon as the latter returned to his office. Several witnesses testified for the respondents to the effect that in the area where the land in question is located the customary term of a farm lease is for one year. Another witness testified to overhearing a conversation between Geo. LaCharite

and the defendant in which LaCharite stated that he did not think Waddington's lease would remain good after the sale of the property. At the conclusion of the hearing the Court allowed the defendant's petition and entered an order amending both the decree for partition and that for sale insofar as the same find and order that the premises are subject to and should be sold subject to the lease of Marion Waddington expiring February 28, 1962 and ordering that said decrees be amended so as to find that the said lease of the defendant expires February 28, 1965 and ordering that said premises should be sold subject thereto.

Plaintiff contends the trial court erred in ordering the partition decree amended because the defendant failed to allege and prove that he exercised reasonable diligence in protecting his rights and also failed to establish that said decree was fraudulently procured.

■ The copy of the complaint served upon the defendant alleges that the premises were subject to his rights as a farm tenant. Since defendant's lease was for a 5 year term which fact was then known to plaintiff and all of the other owners of the land, there would appear to be no reason for the defendant to suspect that the complaint referred to any tenancy other than that created by his five year written lease. Likewise, so far as the copy of the complaint disclosed, there would be no reason for defendant to anticipate that his tenancy would become the subject of controversy in the partition proceedings. The complaint stated that defendant was a tenant. The only tenancy to which such an allegation could refer was that under which defendant occupied the premises. In such a situation we think the defendant as a lay person was warranted in relying upon the complaint as adequately recognizing his rights under the written lease; that defendant did thus rely upon the complaint allegations is evidenced by the fact that he took no action

84

with reference to the partition proceedings until he learned that the sale of the farm under the decree was to be made subject to his rights as a tenant from year to year.

We think under the circumstances disclosed by this record the defendant acted with due diligence to protect his rights.

█ The record affords no explanation of the failure of the plaintiff or his counsel to acquaint the Court with the fact that defendant was in possession under a written lease expiring March 1, 1965. Attorney LaCharite, whose testimony provided the only basis for a finding as to the terms of defendant's tenancy did not testify at the hearing on defendant's petition and accordingly the trial court did not have the benefit of his version of the facts which led him to the conclusion that defendant was only a tenant from year to year. The record does, however, clearly demonstrate that when the proofs were submitted in the partition suit, the owners of the premises and Temmen, their agent, knew of the existence of defendant's 5 year lease. Temmen testified at the hearing on defendant's petition that he told the owners about the 5 year lease at the time it was made out. His testimony stands uncontradicted, as neither plaintiff nor any of the other owners testified to the contrary.

██ One function of Section 72 of the Civil Practice Act is to bring to the attention of the court rendering judgment matters of fact not appearing of record which if known at the time judgment was rendered would have prevented its rendition. O'Connell v. Prudence Mut. Cas. Co., 23 Ill App2d 364, 163 NE2d 213. A petition brought under said Section may be addressed to the equity powers of the Court when the exercise of such powers is necessary to prevent injustice. The object sought is to do justice between

85

the parties. Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525.

That the existence of defendant's 5 year lease was a matter of fact not disclosed by the record made in the partition case is not disputed. Whether the failure to bring it to the Court's attention was intentional or may be attributed to inadvertence is unimportant. In either situation it amounted to a fraud upon the Court which resulted in it finding the defendant's tenancy to be from year to year and due to expire February 28, 1962. Obviously the Court would have entered no such finding if when it had done so it had known that defendant was a tenant under a written lease which had 4 years to run. It is under such circumstances that a Court may properly entertain a petition under Section 72 and in the exercise of its equity powers grant the relief necessary to prevent an injustice.

We are satisfied from our review of this record that the trial court was justified in finding that defendant held a 5 year lease and amending the partition decree accordingly.

A portion of plaintiff's brief is devoted to the argument that the agent of the landowners was not authorized to make the lease in question. Such contention would not appear to find support in the record. The power of attorney speaks for itself. Moreover, there is a complete lack of evidence showing that the owners at any time ever questioned the validity of defendant's lease.

For the reasons given, the order of the Circuit Court is affirmed.

Affirmed.

ROETH, P. J. and REYNOLDS, J., concur.