Robert Crooks, a Minor by Robert L. Crooks, His Father and Next Friend, Plaintiff-Appellee, v. Harry L. Sayles, Defendant-Appellant.

### Gen. No. 11,654.

Second District, First Division.
January 18, 1963.
Rehearing denied February 19, 1963.

John W. Gilligan, of Glen Ellyn (William E. Ratt-
ner, of counsel), for appellant.

No appearance or brief filed for appellee.

DOVE, J.

On the evening of October 31, 1961, plaintiff, then
thirteen years of age, accompanied by Fred Hoffman
and Bill Dunn, were visiting various homes in their
neighborhood engaged in the halloween pastime of
"tricks or treats." The record indicates that the boys
would go to a home, ring the doorbell and when the
bell was answered they would say, "tricks or treats."
For tricks the boys had some soap and, according to
the testimony of the plaintiff, prior to the occurrence
which led to this action, they did some tricks and had
received some treats. While in defendant's yard
plaintiff received the injuries for which this action
was brought. The injuries which plaintiff received

were either the result of an accident, as defendant contends, or by blows inflicted by defendant, as plaintiff insists. It is not insisted, however, that the evidence is not sufficient to sustain the findings of the jury as to the responsibility of the defendant. The jury found for the plaintiff and assessed his damages at $500 and from a judgment for that amount in favor of the plaintiff, defendant appeals.

Neither the abstract furnished this court by counsel for appellant or the record discloses any conference on instructions held pursuant to the provisions of the Practice Act (Ill Rev Stats c 110, § 67, sub par [3]). Included in the record are five instructions and all the record indicates as to them is that each was marked "refused" and were filed in the office of the Circuit Clerk on November 10, 1961.

Also included in the record are 12 other instructions marked "given." The record shows these instructions were filed in the Clerk's office on November 13, 1961. The record also shows that on November 13th two verdicts, each signed by all the jurors, were filed in the office of the clerk. One of these verdicts is: "We, the jury find the defendant guilty and assess the plaintiff's damages at the sum of Five Hundred Dollars and ——— cents." Upon this verdict appears, "Judgment on the verdict. Entered this 13th day of November, A. D. 1961. Mel Abrahamson, Judge," and the judgment, which the record shows was entered, was that the plaintiff have and recover of the defendant, his damages of $500 together with costs. The other verdict is, "We, the jury find the defendant not guilty of malicious, wilful and wanton misconduct." Upon the edge of this verdict appears, "Judgment on the verdict. Entered this 13th day of November, A. D. 1961. Mel Abrahamson, Judge." The judgment entered on this verdict is: "Therefore, it is considered by the court that the defendant was not guilty of malicious, wilful and wanton misconduct as by the jury assessed."

24

The abstract sets forth only two given instructions. One of these is: "The Plaintiff complains of the defendant as follows:

That the defendant maliciously and wantonly assaulted and struck the plaintiff.

That by reason of said assault and striking the plaintiff sustained injuries.

That malice is the gist of the action.

The plaintiff sustained damages therefrom.

The defendant denies all the foregoing allegations."

The other instruction is:

"The plaintiff has the burden of proving each of the following propositions:

First: That the plaintiff before and at the time .of the occurrence was not guilty of wilful and wanton lack of care for his own safety.

Second: That the defendant acted in one of. the ways claimed by the plaintiff as stated to you in these instructions, and that, in so acting, the defendant was guilty of wilful, wanton and malicious misconduct.

Third: That the plaintiff was injured.

Fourth: That the wilful, wanton and malicious misconduct of the defendant was the proximate cause of an injury to the plaintiff.

If you find from a consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff, but, if on the other hand you find from

25

your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant."

In addition to the instructions set forth in appellant's abstract of the record, the record itself sets forth ten other instructions given by the trial court. One of those told the jury that if they decided for the plaintiff on the question of liability that the jury must fix the amount of money which will reasonably and fairly compensate him for any of several enumerated elements of damage "proved by the evidence to have resulted from the wilful and wanton conduct of defendant." Another given instruction told the jury that if they found defendant guilty of wanton or wilful conduct which proximately caused injury to the plaintiff, "and if you believe that justice and the public good require it, you may, in addition to any damage to which you find the plaintiff entitled, award plaintiff an amount which will serve to punish the defendant and to deter others from the commission of like offenses." Another given instruction defined malice as the wilful doing of an act which is liable to cause injury. Another instruction defined wilful and wanton conduct as "a course of action which shows actual and deliberate intention to harm, or which, if not intentional, shows an utter indifference to or a conscious disregard for the safety of others."

It is insisted by counsel for appellant that the record discloses that the plaintiff, when injured, was a trespasser on defendant's property; that the only duty owed to the plaintiff under the law and the instructions of the court was that the defendant would not maliciously, wilfully or wantonly injure the plaintiff; that the jury found that the defendant did not so injure the plaintiff and therefore the judgment cannot stand. Appellee has filed no briefs and made no appearance in this court.

Counsel for appellant argue that "according to the law of Illinois, as correctly set forth by the Judge in his instructions to the jury, plaintiff had the burden of proving that defendant was guilty of wilful, wanton and malicious misconduct, and that inasmuch as the jury found specially that the defendant was not guilty of malicious, wilful and wanton misconduct, the general verdict in favor of plaintiff cannot stand and the court below erred in denying the post-trial motion of the defendant."

The Civil Practice Act of 1907 provided that a jury, in civil proceedings, might in their discretion render either a general or a special verdict. The provision for a special verdict was omitted from the Civil Practice Act of 1933 and the omission was regarded as having abolished the special verdict in Illinois. (McCaskill, Jenner and Schaefer, Illinois Civil Practice Act annotated, p 158; Nichols, Illinois Civil Practice, sects 3703, 3735; Joint Committee Comments SHA c 110 § 65.) Our present Practice Act provides: "Unless the nature of the case requires otherwise, the jury shall return a general verdict. The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing. Special interrogatories shall be tendered, objected to, ruled upon and submitted to the jury as in the case of instructions. Submitting or refusing to submit a question of fact to the jury may be reviewed on appeal, as a ruling on a question of law. When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." (Ill Rev Stats 1961, c 110, § 65.)

In Chicago & N. W. Ry. Co. v. Dunleavy, 129 Ill 132, 22 NE 15, decided in 1889, the Supreme Court said that the Practice Act in effect at that time, so far as it relates to special verdicts is merely declara-

27

tory of the common law; that by a special verdict, the jury, instead of finding for either party, finds and states all the facts at issue, and conclude conditionally, that if, upon the whole matter thus found, the court should be of the opinion that the plaintiff has a good cause of action, they then find for the plaintiff and assess his damages. The court stated that the rules of law as to special verdicts and their requisites have long been settled both in this country and in England and that in order to authorize a judgment upon a special verdict, all the facts essential to the right of the party in whose favor the judgment is to be rendered, must be found by the jury and that a special verdict cannot be aided by intendment, and, therefore, any fact not ascertained by it will be presumed not to exist. "It is manifest of course," continued the court (p 143), "that a special finding by a jury upon material questions of fact submitted to them under the provisions of the statute is not a special verdict but an essentially different proceeding. A special verdict cannot be found where there is a general verdict, but the special findings of fact provided for by the statute can be required only in case a general verdict is rendered."

In Carlson v. Avery Co., 196 Ill App 262, decided in 1916, the court cited Chicago & N. W. Ry. Co. v. Dunleavy, 129 Ill 132, 22 NE 15 and stated that special verdicts, authorized by the Practice Act of 1907, were to be distinguished from special findings which accompany a general verdict.

■ In the instant case the jury by its general verdict found defendant guilty and assessed plaintiff's damages. Verdicts, formerly denominated as special verdicts, have no place in our present practice. Our present Practice Act, in a case such as this makes it mandatory upon the jury to render a general verdict. This it did and assessed plaintiff's damages at $500 and upon this verdict the court ren-

28

dered judgment and it is this judgment which appellant seeks to reverse by this appeal. No special interrogatory was submitted to the jury as contemplated by the Practice Act but the jury did find the defendant not guilty of malicious, wilful and wanton misconduct.

The record discloses, however, that at the conclusion of the evidence the court directed counsel to proceed with their final arguments and that following the closing arguments made by counsel for the respective parties, the instructions were read to the jury by the court. The record then discloses that following the reading of the instructions, the court said to the jury: "In addition to these instructions you will have four forms of verdict. You will return two forms of verdict to this court. The first form of verdict: 'We, the jury find the defendant guilty and assess the plaintiff's damages at the sum of blank dollars and blank cents,' or 'We, the jury find the defendant not guilty.' On the further issues of punitive damages or exemplary damages you will return a verdict: 'We, the jury find the defendant guilty of malicious, wilful and wanton misconduct and assess punitive damages against the defendant in the sum of blank dollars in favor of the plaintiff,' or 'We, the jury, find the defendant not guilty of malicious, wilful and wanton misconduct.' "

■ ■ The Practice Act provides that when the special finding of fact is inconsistent with the general verdict, the special finding of fact controls. The law has always been that a finding of a special interrogatory prevails over a general verdict, when the two conflict. Under the facts as disclosed by this record, we are clearly of the opinion that the general verdict should not yield to this other finding. Counsel for appellant has not been fair with this court. Nowhere in the abstract of the record which counsel prepared or in his brief or argument was any refer-

29

ence made to the statement of the court which preceded the submission of the several forms of verdict. The record discloses that the statement of the court clearly confined the second verdict to the issue of punitive or exemplary damages. Its purpose is apparent. That purpose, as the court said, was to afford the jury an opportunity to assess punitive or exemplary damages. The amount of the general verdict indicates that only compensatory damages were awarded plaintiff.

All of the authorities are to the effect that the abstract of record is the pleading of the party in a court of review; that the substance of the record should be abstracted so that it will not be necessary for the court to resort to the record to determine the issues presented; that the failure of the abstract to properly present the errors relied on for reversal, warrants the court in affirming the judgment or dismissing the appeal, and that failure of the abstract to show the judgment entered by the trial court is itself a fatal defect. In Gribben v. Interstate Motor Freight System Co., 38 Ill App2d 123, 186 NE2d 100, the court said that appellants cannot sidestep the obligation of filing a sufficient abstract because our rules permit appellee to file an additional abstract. "The initial responsibility" concluded the court, "never shifts to appellee, the latter is never compelled to do what the former should have done."

The abstract in the instant case falls far short of being a sufficient abstract. It fails to show the rendition of any judgment. In many instances it is little more than an index of the record. After setting out the verdict of the jury the abstract states: "Order entering verdict." It gives no date when the notice of appeal was filed or from what the appeal is taken. All it says is "Notice of Appeal." "Notice of filing notice of appeal." It does not show when the report of trial proceedings was filed. The abstract

does show that both sides rested their case and then concludes: "Reading of the instructions to the jury, charge to the jury." "Certificate of official court reporter as to Report of Proceedings." "Order Approving Report of Proceedings entered June 1, 1962." "Plaintiff's Exhibit No. 3." "Plaintiff's Exhibit No. 4." "Plaintiff's Exhibit No. 5." "Plaintiff's Exhibit No. 6." "Certificate of Clerk as to record." The name of the attorney representing appellant does not appear at the conclusion of the abstract as directed in Rule 8 of this Court.

The trial court did not err in overruling defendant's post-trial motion and there is no error in this record requiring the reversal of the judgment of the Circuit Court of DuPage County and that judgment is therefore, affirmed.

Judgment affirmed.

McNEAL, P. J. and SMITH, J., concur.