In the Matter of a Petition to Annex Certain Territory to the Village of Willowbrook, DuPage County, Illinois.

C. Chester Carlson and Esther K. Carlson, Petitioners-Appellants, v. Joan L. Green, et al., Respondents-Appellees.

Gen. No. 11,756.

Second District, First Division.

August 29, 1963.

Rehearing denied September 30, 1963.

Thomas F. Pierce, of Wheaton (Anderson & Pierce, of counsel), for appellants.

Theodore W. Huszagh, of Chicago, for appellees.

McNEAL, PJ.

C. Chester Carlson and Esther K. Carlson appeal from an order striking and dismissing their petition filed on October 29, 1962, under Section 72 of the Civil Practice Act, to vacate an order entered on October 30, 1961 by the County Court of DuPage County. The 1961 order which Carlsons sought to vacate, found that a petition of Joan L. Green and others to annex certain territory to the Village of Willowbrook was valid. The 1961 order was previously before this court on appeal No. 11603 by Green and others from an order granting objectors George R. Lawrence and others

leave to file objections and ordering Green and others to amend their petition so as to eliminate and exclude such objectors' lands from the territory sought to be annexed. We affirmed the 1961 order on that appeal, and our opinion is reported in 37 Ill App2d 393, 185 NE2d 696.

Appellant-Carlsons base the present appeal on a two-page abstract, which reads in part as follows:

> "15 A petition under Section 72 of the Civil Practice Act was filed on October 29, 1962 on behalf of C. Chester Carlson and his wife, Esther K. Carlson, seeking to vacate that portion of the order of October 30, 1961 finding the petition valid as amended and from which no appeal had been taken. The basis of the petition was the fraud found by the trial court and affirmed by this court in Case #11603.
>
> 25 A motion to strike the petition under Section 72, as insufficient in law, was filed on January 3, 1963.
>
> 29 The motion to strike the petition under Section 72 was granted by the County Court.
>
> 31 Notice of Appeal from order striking petition under Section 72."

■ All of the authorities are to the effect that the abstract of record is the pleading of appellant in a court of review; that the substance of the record should be abstracted so that it will not be necessary for the court to resort to the record to determine the issues presented; that the failure of the abstract to properly present the errors relied on for reversal, warrants the court in affirming the judgment or dismissing the appeal; and that failure of the abstract to show the judgment entered by the trial court is itself a fatal defect. Appellant cannot sidestep the obligation of filing a sufficient abstract because our rules permit appellee to file an additional abstract. The initial re-

sponsibility of an appellant never shifts to the appellee, the latter is never compelled to do that which the former should have done. Gribben v. Interstate Motor Freight System Co., 38 Ill App2d 123, 186 NE2d 100; Crooks v. Sayles, 39 Ill App2d 22, 30, 187 NE2d 742, 746.

Further, the abstracter should in every case show the jurisdictional steps in connection with the appeal, including the dates of the entering of judgment and notice of appeal. Ellet v. Wyatt, 345 Ill App 420, 103 NE2d 526. Except as provided otherwise by statute, no cognizance can be taken of an appeal unless it is from a final judgment, order or decree. 2 ILP 185, Appeal and Error 105. A final judgment, decree or order is one which disposes of the merits of the case or fixes and settles the rights of the parties, and an order which merely strikes a petition is not final and appealable. Johnson v. City of Rockford, 26 Ill App2d 133, 169 NE2d 534; La Vida, Inc. v. Robbins, 33 Ill App 2d 243, 178 NE2d 412. Furthermore a court of review is not required to go to the record to reverse although it will search the record regardless of the abstract to affirm. Rubinstein v. Fred A. Coleman Co., 22 Ill App 2d 116, 121, 159 NE2d 379, 381; Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 571, 149 NE2d 351, 353.

The abstract presented by appellants shows no judgment and no final and appealable order, and none of the jurisdictional steps essential to authorize this court to review any action of the trial court. Except by way of conclusion, appellants' abstract fails to show any factual basis alleged in their petition for relief under section 72 of the Civil Practice Act, any reason specified for striking the petition, or any basis for determining the issues presented the trial court. On this abstract an affirmance or dismissal of the appeal is warranted. In our opinion an additional abstract was necessary.

■ An additional abstract furnished by appellees discloses that appellants by their notice of appeal filed on January 15, 1963, have appealed from an order entered on January 11, 1963, and that by such order the trial court ordered that Carlsons' petition to vacate the final order entered in 1961 finding the annexation petition valid, be "stricken and dismissed with prejudice and said petitioners . . . go hence without day." Thus it appears that the order appealed from was final and appealable and that we have jurisdiction to consider the appeal.

As abstracted by appellees it also appears that Carlsons' petition under section 72 of the Civil Practice Act was based upon statements made by the trial judge and this court, as shown by our opinion on the former appeal in 37 Ill App2d 393, 185 NE2d 696. On that appeal the principal question pertained to the validity of the publication of the notice of hearing on the annexation petition. As recited in our opinion, the trial judge said that the statute with reference to publication had been fully complied with, but the compliance was accomplished in such a manner as to deprive certain persons of the notice contemplated by the statute, "which amounts to a fraud upon the court," and the judge concluded that "although the notice may be valid as to the general public, . . . the notice is void and of no effect as to the petitioners who have petitioned to file objections, namely the International Harvester Company, Dr. Barnard and the Lawrences." In their petition Carlsons also referred to dicta in our opinion that "It is axiomatic that fraud vitiates everything," etc.

According to their additional abstract, appellees filed a verified motion to strike and dismiss Carlsons' petition to vacate, and specified among several grounds in support of the motion that the petition states no facts within the contemplation of section 72 to authorize the court to take any action under the statute, that

436

Carlson participated in person and by counsel in the trial at which the order sought to be vacated was entered and took no appeal, although they were given notice of appellees' appeal from such order, and that therefore Carlsons' petition to vacate was insufficient as a matter of law.

One function of section 72 of the Civil Practice Act is to bring before the court rendering the judgment matters of fact not appearing in the record, which, if known to the court at the time the judgment was rendered, would have prevented its rendition. Adelhart v. Adelhart, 34 Ill App2d 79, 85, 180 NE2d 209, 212. Section 72 does not contemplate a review of an order from which a party could have appealed within the time fixed by the Act, and its provisions cannot be invoked as a substitute for a party's right to appeal. Jones v. Jones, 32 Ill App2d 64, 176 NE2d 635. Here Carlsons' petition shows no facts which if known to the trial court when the annexation petition was validated in 1961, would have prevented such validation, and they offer no explanation for their failure to appeal from that order within the time limited by the Practice Act. On the former appeal we concluded that there was no inconsistency in the trial court's determination that the notice was void as to objectors and their lands, and that the same notice was valid as to those who petitioned to have their lands annexed to Willowbrook and urged no objections to annexation.

Carlsons' petition to vacate the 1961 order of the County Court of DuPage County under section 72 of the Civil Practice Act was insufficient as a matter of law, and the judgment of that court dismissing said petition is affirmed.

Affirmed.

DOVE and SMITH, JJ, concur.