Edna M. Stewart, Plaintiff-Appellant, v. Glenn A. Monroe, Defendant-Appellee.

**Gen. No. 50,000.**

First District, Fourth Division.

September 15, 1965.

Fred A. Clarke, of Chicago (J. Edward Jones, of counsel), for appellant.

Arnold B. Kalnitz, of Chicago, for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This appeal was taken by Edna M. Stewart from an order entered in the Circuit Court of Cook County on June 25, 1964, opening up a judgment by confession which had previously been entered on July 13, 1962

in the same court. The judgment was in the sum of $2,600, and included $100 attorney's fees.

The case grew out of a divorce decree entered in favor of defendant Monroe's wife on February 16, 1962. From the confused pleadings it appears that after the decree was entered Monroe's then attorney had filed a notice of appeal on April 9, 1962, but had failed to otherwise comply with the statutory requirements. Consequently, if any appeal was to be had from the judgment entered in the divorce case it could only be taken by a petition to the Appellate Court for leave to appeal, which petition would have to be filed within one year from the entry of the judgment. Monroe failed to comply with the provisions of the decree and was held to be in contempt of court and sentenced to the County Jail of Cook County. While in the jail he requested J. Edward Jones, an attorney, to visit him, and agreed that Jones should represent him as his attorney.

Jones brought to Monroe a note dated June 26, 1962, in the amount of $2,500. The note was payable on June 28, 1962, and contained a warrant of attorney to confess judgment. At the same time Jones presented to Monroe a contract setting out in considerable detail the terms upon which the note was given. Both the note and the contract were signed by Monroe. The contract which Monroe signed on the same day the note was signed provided among other things that Jones was directed "to try to secure the release of first party from incarceration in the County Jail, by Habeas Corpus, even though eventually said proceedings may be denied." Jones was further directed to petition the Appellate Court for leave to appeal within one year from the date of the decree of divorce and to attempt to secure a report of proceedings, since no reporter was present during the trial. The contract further stated that Monroe executed and delivered

416

his note for $2,500, payable on June 28, 1962, for the above services; that he gave a first lien on any rents he might be entitled to from certain premises he owned in the City of Chicago; and that Jones agreed to represent the first party on such terms. On June 27, 1962, Jones negotiated the note to Edna M. Stewart, who on July 13, 1962, confessed judgment on the note.

Jones filed two petitions for habeas corpus, both of which were denied. On February 7, 1963, Jones filed a petition in the Appellate Court for leave to appeal from the divorce judgment. That petition was denied on May 2, 1963. In a counteraffidavit filed in opposition to the first motion made by Monroe with respect to the judgment, Jones stated that he had prepared other papers for the purpose of attempting a release of Monroe from the jail. Monroe thereupon dismissed Jones as his attorney, secured another attorney, and on May 10, 1963, was released from jail. On December 2, 1963, Stewart filed a suit in the nature of a creditor's bill in the Superior Court of Cook County against defendant, based on the alleged fact that defendant and his former wife, after defendant's release from jail, had placed a $14,000 mortgage on the premises owned by them at 1026 North State Street, Chicago, of which property it is alleged that Monroe is the sole beneficial owner.

On December 27, 1963, defendant filed a motion as amended to open up judgment of July 13, 1962. Affidavits and counteraffidavits were filed. The amended motion was filed under Supreme Court Rule 23 dealing with the opening of judgments by confession. The Supreme Court rule provides that if it appears at the hearing that the defendant had a defense on the merits to the whole or a part of the plaintiff's demand and that he had been diligent in presenting his motion to open up the judgment, the court should sustain the motion. On April 2, 1964, after a hearing, the trial

court denied defendant's petition to open up the judgment and the judgment theretofore entered was confirmed. The order entered on April 2, 1964, was a final order. Under section 76 of the Civil Practice Act it is provided that an appeal from a final order to the Supreme or Appellate Court must be taken within 60 days from the entry of the order, and such appeal shall be taken by the filing of a notice of appeal in the lower court.

From the order of April 2 the defendant had until and including June 1 to file a notice of appeal. Instead of doing that, the defendant on June 2, 1964 filed a petition under section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 72) for leave to file an amended motion to vacate or open up the judgment.

 Section 72, under which defendant's petition as amended was made, was passed by the legislature in 1955. Prior to that amendment there had been in effect in section 72 a provision that the common-law writ of error coram nobis had been abolished and that generally, matters which could formerly have been raised under that writ could now be raised by a petition. However, essentials of procedure remained the same. The earlier use of the writ was to require a trial judge to examine the record for an alleged error in fact which was unknown to the court at the time of the entry of the judgment, such as the misprision of a clerk, infancy, coverture or death of a party. In the case of Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350, in 1952, the court held that where a default judgment had been entered against a defendant and the plaintiff pursued a course calculated to keep the defendant in ignorance of the judgment until the time had expired when he could make a direct attack thereon, under section 72, equitable principles might be applied in the interest of justice; and that under the

Civil Practice Act there has been a sufficient fusion of law and equity to permit a court of law, when the occasion demands it, to apply equitable principles in administering the summary relief available under the motion substituted for the writ of error coram nobis. To the same general effect, see Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348 (1963).

The question before this court concerns the sufficiency of the petition filed by the defendant on June 2, 1964. In this petition the defendant alleged, among other things,* that since April 2, 1964, and up to about May 26, 1964, the defendant had been engaged in settlement negotiations with the attorney for the plaintiff and that settlement had been agreed upon by the parties but was thereafter rejected by the plaintiff. The defendant then prayed that the order of April 2, 1964 be vacated and that he have leave to file an amended motion to vacate or open the judgment.

On June 24, 1964, a special appearance was entered by Fred A. Clarke, attorney for the plaintiff, alleging that the court had lost jurisdiction of plaintiff because the matter was disposed of by a final order entered on April 2, 1964, and that more than 30 days had elapsed, no motion or petition to vacate having been filed. It is admitted by both parties to the suit that the order confirming the judgment entered on April 2, 1964 was a final order. This pleading was sufficient to raise an issue as to the validity of the petition under section 72 of the Civil Practice Act.

* The other matters alleged were that the April 2, 1964 order confirming the judgment entered left undecided a portion of the motion of Monroe to vacate the judgment. Such an argument is not tenable. The amended motion was to open up the judgment. The only other matter set up was that Monroe's memory was hazy as to what happened on April 2. He believed that at some time he asked additional time to secure an attorney. Neither of these matters adds or detracts anything from the judgment of April 2.

Under section 72 it is provided that the petition, while it is filed in the same proceeding in which the order was entered, is not a continuation of the proceeding. It is further provided that the petition must be supported by affidavit as to matters not of record.

On June 25, 1964, the trial court entered an order vacating the court's previous order entered on April 2 and also ordering that the judgment be opened up and the plaintiff given leave to file an amended answer to the original complaint. The appeal is taken from that order of the trial court.

█ Considerable space in the briefs is devoted to argument as to the question of whether plaintiff was or was not a holder in due course. If she was not she would have been an assignee and whatever defenses could have been raised by defendant against Jones could be raised against her. As we see it, the only question before us is whether or not the motion or petition filed by defendant is sufficient under the provisions of section 72 of the Civil Practice Act. In our opinion, it is not.

Defendant relies upon the rule laid down in Ellman v. De Ruiter, supra. He claims he was lulled into security as far as taking an appeal was concerned by the fact that a settlement agreement was either in process or had been reached between the parties. However, he states that that settlement agreement definitely came to an end on May 26, 1964. At that time defendant could have filed a notice of appeal in the trial court from the judgment of April 2, 1964. In fact, he had until June 1 to file such notice; instead, he delayed until June 2 when he filed a petition under section 72. Under these facts, the Ellman rule is not applicable.

In 23 ILP Judgments § 165, it is said:

"Although it is the policy of the law to give the parties to an action every reasonable opportunity to present their cause of action or defense, a judgment imports solemnity and stability, and hence will not be lightly disturbed, and will be opened or set aside only for good cause. An order of vacation must have some basis for its entry."

In Guth v. People, 402 Ill 286, 83 NE2d 590, the court held that the provisions of a writ of error coram nobis is limited and that it is not designed for the purpose of providing a means for general review of matters occurring in the trial court. Its purpose is to obtain relief from errors of fact of such character as would have prevented the entry of judgment. In Williams v. Pearson, 23 Ill2d 357, 177 NE2d 856, it is stated that the purpose of the petition is not to relieve a party from the consequence of his own mistake or negligence; and in City of Chicago v. Roth, 322 Ill App 696, 54 NE2d 647, it is held that such a petition may not be used as a substitute for an appeal.

Defendant failed to bring himself under the Ellman rule, and in effect is attempting to use the petition brought under section 72 of the Civil Practice Act as a substitute for an appeal or for the purpose of extending the time to appeal. It is not shown that the alleged conduct of the plaintiff lulled him into false security.

The order entered in the Circuit Court of Cook County on June 25, 1964, which vacated the prior order of the same court of April 2, 1964, which latter order opened up the judgment, is reversed and the judgment of July 13, 1962 is confirmed.

Reversed.

ENGLISH and DRUCKER, JJ., concur.