WILLIAM FISHER, Plaintiff-Appellant, *v.* JERRY RHODES *et al.*, Defendants-Appellees.

(No. 74-33;

Second District—October 8, 1974.

Redman, Shearer, O'Brien & Blood and Raymond F. Agrells, both of St. Charles, for appellant.

Roy Safanda, of St. Charles, for appellees.

Mr. JUSTICE MILLS delivered the opinion of the court:

Procedure. That is the sole issue here posed. Whether or not the procedural vehicle employed was proper.

But first, the facts. Chronologically, the somewhat garbled factual events went thusly: Fisher, as agent for Trust #173, and Rhodes entered into a crop lease on 42 acres of land in Kane County for the crop year 1969-70 at a rental figure of $30 an acre. On March 11, 1970, Fisher obtained a judgment against Rhodes on the lease in the amount of $1,260 plus court costs and the order directed Rhodes to satisfy the entire judgment "within 30 days from the date of harvest of soybeans" on the leased farm land. Thereafter contempt proceedings were instituted against Rhodes, but before the sheriff was able to execute upon the contempt *mittimus*, the Rhodeses filed in bankruptcy in the Northern District of Illinois on September 14, 1970, and the referee issued a restraining order that same date. On October 5, 1970, Agent Fisher filed a memorandum of his judgment with the recorder of deeds and on November 20, 1970, the Rhodeses were discharged in bankruptcy. Apparently the Rhodeses were unaware that the memorandum of judgment had been filed until July 13, 1973, nearly 3½ years after judgment, when they learned of the cloud on the title to other real property they were purchasing. Thereafter, the Rhodeses filed, in the subject cause of action, a motion to quash the writ of execution. This was denied and on October 24, 1973, Rhodes filed a petition to vacate pursuant to section 72 of the Illinois Civil Practice Act, reciting the fact that the Rhodeses were adjudicated bankrupt *after* entry of the judgment. This petition to vacate was allowed on November 21, 1973, and the judgment was "vacated and rendered null and void." Fisher appeals and there is no cross-appeal.

The judgment order itself is in no way questioned by either of the parties to this appeal. It was duly entered by a magistrate, filed by the clerk on the same date, reflected that both parties were in open court, recited the judgment and amount, and ordered Rhodes to pay by a specific time, from a particular source. Whether the Rhodeses were charged with constructive knowledge of the filing of the memorandum of judgment, or whether under the circumstances in this cause such filing constituted a lien on real property, or whether the judgment debt was properly scheduled in the bankruptcy petition, or whether the filing of the memorandum was in violation of the adjudication of bankruptcy or whether the motion to quash execution after bankruptcy should have been allowed—these are not questions which fall within the pale of this appeal. The sole and only issue is: Should the trial court have allowed the section 72 petition to vacate and rendered the original judgment null and void?

Procedure, to be sure, is never an end in itself—it is only a means

to a substantive finale. *Procedure* was defined by Lord Justice Lush, in *Poyser v. Minors* (1881), 7 Q.B.D. 329, 333, as the mode of proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, and which, by means of the proceeding, the court is to administer; the machinery, as distinguished from its product. And in *Mahoning Valley Ry. Co. v. Santoro* (1915), 93 Ohio St. 53, 56, 112 N E. 190, 191, procedure was held to be that which regulates the formal steps in an action or other judicial proceeding; a form, manner, and order of conducting suits or prosecutions.

Every cause of action, of course, should be determined upon its own substantive merits, and obviously this is the preferred method of disposition. However, rules of practice and procedure are an absolute necessity in order to expeditiously arrive at an orderly substantive conclusion. Constitutional, statutory, decisional and court adopted rules and precepts of practice are intended to so channel and direct the flow of litigation that efficient and expeditious disposition can be achieved commensurate with substantive justice—the true end of our system of jurisprudence. Yet, if such procedural rules did not exist, and were not adhered to by parties and enforced by judges, the machinery of justice would not only grind more slowly, but indeed would cease to turn at all. No court relishes dismissing a suit for procedural acts of commission or omission, but failure to adhere to procedural requirements adopted for the purpose of expediting judicial workloads can have but one result: expanding the very problem that such rules were created to resolve.

■■ Now to the procedural question before us. The joint committee comments and historical notes to the Illinois Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110) make it apparent that section 72 was created to furnish a comprehensive yet simple procedure in all equity, law and statutory proceedings, whereby a party may seek relief from a final judgment after 30 days from the entry thereof and after the time for appeal has expired. The variety of post-decree and judgment remedies that were formerly available at common law and by statute, such as writs and bills of review, were at once abolished and their purposes incorporated into this single petition. The reasons and grounds for seeking such relief from final orders after appeal time has passed, however, have been finely honed by the plethora of decisions of the reviewing courts in Illinois. Section 72 was not intended to perpetuate the life of litigation that has wound its way through regular court process, nor does it tolerate the reliance upon new legal theories of attack. The grounds and reasons which prior to the adoption of the Civil Practice Act supported the granting of relief under the old writs and bills of review (such as death, lack of jurisdiction, fraud, errors of law apparent on the face of

the record, etc.) continue to be supportive under section 72. It has been repeatedly held that one purpose of this proceeding is to permit a party to bring to the attention of the court factual matters which do not appear of record and which, if known to the court at the time of the entry of judgment, would have prevented its rendition. However, it was never intended that this procedural provision should afford a litigant a fresh opportunity to do that which he should have accomplished in an earlier proceeding, or to relieve him from the consequences of his own negligence. Nor does section 72 contemplate that it may be used as a substitute vehicle for a right to appeal where a party failed to perfect his appeal within the proper time frame. Furthermore, although a petition hereunder is filed in the original action it is not a continuation thereof but is an entirely new action and proceeding, subject to the same rules of pleading as any other civil case or action, and petitioner must allege and prove a right to the relief that he seeks. Petitioner must not only state a cause of action but he must demonstrate that the failure to reveal the error of fact, or other ground for relief, to the court prior to judgment was not due to his own fault or negligence. See *Calabrese v. Hatlen Heights Sewer & Water Co.*, 34 Ill 2d 483, 216 N.E 2d 145 146; *Petrauskas v. Motejunas*, 133 Ill.App 2d 293, 272 N.E.2d 805, 807-808; *Muniz v. Wamsley*, 127 Ill.App.2d 410, 262 N.E 2d 295, 297; *Danforth v. Checker Taxi Co.*, 114 Ill.App.2d 471, 253 N.E 2d 114, 116; *In re Petition to Annex Certain Territory*, 42 Ill App.2d 432 192 N E 2d 553, 556; *Adelhart v. Adelhart*, 34 Ill.App.2d 79, 180 N E.2d 209, 212; *Fennema v. Vander Aa*, 42 Ill.2d 309, 247 N.E.2d 409, 410; *Brockmeyer v. Duncan*, 18 Ill 2d 502, 165 N.E.2d 294, 296.

██ In addition to the above substantive and procedural requirements of a petition under section 72 the general assembly has imposed a statute of limitations upon its filing. The petition must be filed not later than 2 years after entry of the order being challenged, and disability or duress of the person seeking relief and fraudulent concealment of the ground for relief are the only exceptions set forth which will toll the time. The reviewing courts of Illinois have uniformly held that this requirement is *mandatory*, that any petition under section 72 *must* be filed within the 2-year statutory period and a motion to dismiss the petition on this ground is entirely proper. (*Withers v. People*, 23 Ill.2d 131, 177 N E 2d 203, 205; *Irving v. Rodriquez*, 27 Ill.App.2d 75, 169 N.E.2d 145, 146.) And it is an established rule regarding statutes of limitations that no exceptions thereto will be implied for if the legislature had intended to except any class of persons from the effect of the statute, it would have done so and courts will not assume such authority or dominion. "Undoubtedly a hardship will result in many cases under this rule, but

the court may construe only the clear words of the statute, and if its scope is to be enlarged, the remedy should be legislative rather than judicial. It is not for judicial tribunals to extend the law to all cases coming within the reason of it, so long as they are not within the letter. And whether, under a given set of facts, a statute of limitations is to be tolled, is a question of legislative intent as to whether the rights shall be enforceable after the prescribed time." 51 Am.Jur.2d *Limitation of Actions* § 138, at 708-709 (1970); *Morgan v. People*, 16 Ill.2d 374, 158 N.E.2d 24, 27.

■■ The subject petition to vacate under section 72 contains no allegation that a meritorious defense existed against the judgment itself, is unsupported by any accompanying affidavit, and merely sets forth the fact "that subsequent to the entry of said judgment" the Rhodes were adjudicated bankrupt. We have no hesitation in holding that the judgment sought to be vacated is not open to review in this manner for two manifest reasons: (1) the petition was filed over 3½ years after the entry of the order sought to be vacated and no statutory standard for the tolling of the 2-year statute of limitations was presented, and (2) the petition itself fails to comply with any of the statutory and decisional standards traced herein and is totally defective for failure to state any ground for relief.

*Ergo*, we answer our initial inquiry in the negative—the procedural vehicle selected by petitioners was unavailable to them and the judgment order was not susceptible to challenge by a section 72 petition. This opinion, however, is not to be interpreted as to preclude appellees from pursuing whatever state or federal avenues remain open to them regarding the effect of bankruptcy on the instant judgment. We in no way entertain this matter on such merits; we merely hold that the precise procedure selected was improper.

Reversed and remanded for reinstatement of the judgment herein.

STOUDER, P. J., and ALLOY, J., concur.