MICHAEL DOWLING et al., Plaintiffs, v. GEORGE P. BAKER et al., as Trustees, Defendants.—(GEORGE P. BAKER et al., as Trustees, Third-Party Plaintiffs-Appellants and Cross-Appellees, v. YELLOW CAB COMPANY, Third-Party Defendant-Appellee and Cross-Appellant.)

(No. 60190; ▮▮▮▮▮▮)

First District (4th Division)—June 11, 1975.

*Rehearing denied July 2, 1975.*

Lord, Bissell & Brook, of Chicago (Richard E. Mueller, C. Roy Peterson, and Richard F. Johnson, of counsel), for appellants.

Jesmer & Harris, of Chicago (William J. Harte, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This action was brought by four employees of the Penn Central Railroad Company, which subsequently was succeeded by the defendant trustees (hereafter the railroad) for damages under the Federal Employers Liability Act. (45 U. S. C. A. § 51 (1972).) The injuries complained of were sustained when a Yellow Cab in which plaintiffs were riding had a rear-end collision with a Chicago Transit Authority bus. The railroad filed a third-party action against the Yellow Cab Company seeking indemnity, and summary judgment was granted to Yellow Cab on October 27, 1972.

On September 13, 1973, the railroad filed a motion to vacate the order granting summary judgment or, in the alternative, a petition for relief under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110.) Both the motion and the alternate petition were denied on December 19, 1973, and this appeal was brought from that order.

The following issues are dispositive of this appeal: (1) Whether the trial court erred in denying the railroad's motion to vacate the summary judgment; and (2) whether the trial court erred in denying the railroad's alternate petition for relief under section 72.

Plaintiffs filed substantially identical suits against the railroad, alleging that they suffered injuries on June 28, 1964, while employed by the railroad in furtherance of interstate commerce due to various acts of negligence committed by the railroad. The complaints further alleged that the railroad entered into an agreement with the Yellow Cab Company to

transport railroad employees from the Englewood Yards to the Pere Marquette Restaurant at 63rd and Western Avenue in Chicago, Illinois, and return them to the Englewood Yards at the railroad's expense; that plaintiffs were directly under pay as employees of the railroad during such transport; and that plaintiffs were being transported in the manner selected by and for the benefit of the railroad. Yellow Cab was not named as a defendant.

In each action, the railroad filed amended third-party complaints against the Yellow Cab Company, seeking indemnity in the event it was held liable to the plaintiffs. The railroad alleged that it was only passively negligent, if at all, and that Yellow Cab was actively and primarily negligent. Thereafter, Yellow Cab filed a motion to dismiss the railroad's action for failure to state a cause of action. On September 22, 1971, the trial court struck the third-party complaint with leave to file an amended complaint. The railroad filed an amended third-party complaint on October 1, 1971, alleging that Yellow Cab would be liable to indemnify it if the plaintiffs recovered from the railroad on an agency theory. The motion to dismiss the amended complaint was denied on September 6, 1972.

Yellow Cab subsequently filed a motion for summary judgment, alleging that it had no agency relationship with the railroad. As support for its position, the cab company relied upon the depositions of two of the plaintiffs and the railroad's conductor along with the verified affidavit of the president of Yellow Cab, who set forth that the company had no agreement, written or oral, with the railroad. On October 27, 1972, the trial court consolidated the cases of the four plaintiffs and further granted summary judgment in favor of Yellow Cab and against the railroad. The court made the following findings: that plaintiffs became passengers of Yellow Cab by virtue of a private transaction; that no contract, implied or written, existed between Yellow Cab and the railroad; that Yellow Cab was an independent entity at the time in question, and, that there was no genuine issue of fact with respect to the liability of Yellow Cab. The court further found that there was no just reason to delay enforcement of or appeal from the order.

On August 8, 1973, additional counsel was granted leave to appear for the railroad. Thereafter, interrogatories were filed which showed that plaintiffs' cases against the railroad were settled and releases to this effect signed. On September 13, 1973, the railroad filed a motion to vacate the summary judgment entered against it or, in the alternative, a petition for relief under section 72 of the Civil Practice Act. Yellow Cab then sought fees and costs, pursuant to section 41 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110.) After briefs were filed by the respec-

tive parties, the trial court on its own motion denied the relief requested by the railroad and further denied Yellow Cab's claim for fees and costs. ■■ The railroad filed this appeal from that portion of the order which denied its motion to vacate the summary judgment or, in the alternative, provide relief under section 72. Yellow Cab cross-appealed from the court's denial of fees and costs. However, counsel for Yellow Cab waived this issue during oral argument and we, therefore, affirm the denial of fees and costs without discussion.

We shall first consider the question of whether or not it was error for the trial court to deny the railroad's motion to vacate summary judgment. It is contended by the railroad that the order of October 27, 1972, granting summary judgment to Yellow Cab, was not final and appealable because it did not contain language to the effect that plaintiff take nothing by this suit and the defendant go hence without day. The absence of this language, argues the railroad, makes the order an interlocutory one which may be revised or vacated at any time.

■■ The order which the railroad attacks did not dispose of the entire proceeding but only the third-party indemnity action brought by the railroad. Thus, the applicable provision is Supreme Court Rule 304(a) which states:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. * * * The time for filing the notice of appeal shall run from the entry of the required finding." Ill. Rev. Stat. 1971, ch. 110A.

We find that the trial court complied with the requirements of Rule 304(a). The order granting summary judgment to Yellow Cab expressly states: "The court finds no just reason or excuse to delay enforcement or appeal from this order." The Rule does not require the inclusion of the language that the railroad urges was erroneously omitted. The same result was reached by this court in *Kita v. YMCA* (1964), 47 Ill.App.2d 409, 198 N.E.2d 174. The order of the trial court read: "'It is further ordered that the Motion to Dismiss the Second Complaint at Law is sustained and the above-entitled cause is hereby dismissed.'" We noted the absence of the words plaintiff take nothing or defendant go hence without day, but held that the recital contained in the order was sufficient to make the judgment final.

The authorities relied upon by the railroad are primarily cases which predate the adoption of the Supreme Court Rules of proceeding, *e.g.*, *Wenom v. Fossick* (1904), 213 Ill. 70; *Chicago Portrait Co. v. Chicago*

*Crayon Co.* (1905), 217 Ill. 200; *Town of Magnolia v. Kays* (1916), 200 Ill.App. 122. The trend in recent decisions has been to test the finality of orders for purposes of appeal in terms of substance rather than form. *Lakatos v. Prudence Mutual Casualty Co.* (1969), 113 Ill.App.2d 310, 252 N.E.2d 123; *Plain v. Plain* (1967), 79 Ill.App.2d 225, 223 N.E.2d 543; *Martin v. Masini* (1967), 90 Ill.App.2d 348, 232 N.E.2d 770.

In *Peach v. Peach* (1966), 73 Ill.App.2d 72, 218 N.E.2d 504, the requirements for a final order were considered. The court acknowledged that there were cases which appear to exalt form over substance but held that no particular form or technicality was conclusive and that the substance of the order was determinative. The court stated at page 78:

> "We hold that the only attribute indispensable to the finality of a judgment or order is that it terminate the litigation between the parties to the suit and finally determine, fix and dispose of their rights as to the issues made by the suit. The test of finality lies in the substance and not the form of the judgment or order. [Citations.]"

The trial court in the instant case considered the factual questions underlying the railroad's action. It specifically found that Yellow Cab was an independent entity at the time of the occurrence and that no contract, implied or written, existed between the railroad and Yellow Cab to establish an agency relationship between the two companies. These findings disposed of the indemnity action brought by the railroad, thus terminating the litigation between the parties and finally disposing of their rights as to the issues raised in the suit.

In view of the foregoing, we hold that the order granting summary judgment to Yellow Cab was final and appealable. The trial court did not err in denying the railroad's motion to vacate the summary judgment.

■■ The railroad further contends that it was error for the trial court to deny its alternate petition for relief under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110.) It argues that an obvious error of law appears on the face of the record inasmuch as, under Federal law, Yellow Cab was the agent of the railroad. Then it urges that section 72 allows an obvious error of law appearing on the face of the record to be corrected at any time within 2 years from the time the order was entered.

We cannot agree with the railroad's premise that an obvious error of law appears on the face of the record. After examining the pleadings and the order at issue, we find no indication as to which law was applied by the court. Moreover, there are persuasive authorities to the effect that a defendant's claim for indemnification from another tortfeasor

under the Federal Employers Liability Act is controlled by State rather than Federal law. (*Brenham v. Southern Pacific Co.* (D.C. La. 1971), 328 F. Supp. 119; *Ratigan v. New York Central Railroad Co.* (2d Cir. 1961), 291 F.2d 548, *cert. denied, New York Central R.R. Co. v. Interstate Commodities, Inc.* (1961), 368 N.S. 891.) In addition, the Supreme Court of Illinois, in *Chicago & Illinois Midland Ry. Co. v. Evans Construction Co.* (1965), 32 Ill.2d 600, 208 N.E.2d 573, considered the question of indemnity arising out of an action under the Federal Employers Liability Act to determine whether a railroad could recover over from the owner of the premises where the injury occurred. The court held that the railroad had a nondelegable statutory duty to provide a safe place for its employees to work.

Moreover, section 72 does not provide a review of an order from which a party could have appealed within the time fixed by rule, and the provisions of section 72 cannot be invoked as a substitute for a party's right to appeal. (*In re Petition to Annex Territory to Village of Willowbrook v. Carlson* (1963), 42 Ill.App.2d 432, 192 N.E.2d 553; *Jones v. Jones* (1961), 32 Ill.App.2d 64, 176 N.E.2d 635 (abstract opinion).) Here, the railroad has shown no additional facts which, if known to the trial court, would have prevented the entry of summary judgment in favor of Yellow Cab. This petition was not initiated until some 11 months after judgment, despite the railroad's claim that it is predicated upon an obvious error of law. This position is, we believe, without merit. We, therefore, hold that the trial court did not err in denying the railroad's petition for relief under section 72.

In view of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER, P. J., and BURMAN, J., concur.