DAVID C. RUTTENBERG *et al.*, Plaintiffs-Appellees, *v.* RED PLASTIC COMPANY, INC., Defendant-Appellant.

First District (2nd Division)   No. 77-1724

Opinion filed February 6, 1979.

Bernard E. Beller, of Chicago, for appellant.

David W. Ruttenberg, of Chicago, for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant, Red Plastic Company, Inc., appeals from an order of the circuit court of Cook County entered on August 22, 1977, denying its petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) to vacate an ex parte judgment entered on April 13, 1977.

The critical question is whether this court has jurisdiction.

The relevant facts follow. The controversy arose out of alleged defects in certain skylights purchased by the plaintiffs, David C. Ruttenberg and Roger F. Ruttenberg, allegedly manufactured and sold by defendant, Red Plastic Company, Inc. On July 22, 1976, plaintiffs filed a complaint in the circuit court of Cook County against defendant seeking property damages. On August 10, 1976, summons was personally served in California on the president of the defendant company, who forwarded it to the defendant's insurance company.

By stipulation of the parties, defendant's time to answer the complaint or appear was extended to February 15, 1977. No answer was filed nor appearance made on this extended date. A month later, on March 17, 1977, a default judgment was entered against defendant. On April 13, 1977, judgment was entered against defendant following an ex parte prove-up of damages.

On May 6, 1977, the 23rd day after entry of the ex parte judgment, plaintiffs by telephone informed the defendant's insurance company of the judgment. Defendant's insurance company was unable to contact its attorney until May 9, 1977. On May 10, 1977, defendant's attorney contacted the plaintiffs who orally agreed not to contest defendant's motion to vacate the ex parte judgment provided the proper notice and petition were filed.

On May 12, 1977, the 29th day after judgment, defendant's attorney, without notification to the plaintiffs, met with the trial judge who entered the ex parte judgment and told him of plaintiffs' oral agreement. The judge told him to obtain a stipulation from plaintiffs to that effect; that if plaintiffs would not so stipulate, defendant should come in on a motion to vacate before 30 days expired; and that if he was unable to do so, he would have to file a section 72 petition. On this same day, after meeting with the judge, defendant's attorney hand-delivered a notice of the motion to vacate and the accompanying motion to the plaintiffs' office. The notice of the motion advised plaintiffs that a hearing on the motion to vacate would be held on May 18, 1977. For reasons not explained in the record, defendant did not file this notice and motion to vacate with the clerk of the circuit court until May 18, 1977, the 35th day after the judgment.

On May 13, 1977, the 30th day after judgment, plaintiffs told defendant's attorney that they would contest the motion to vacate unless defendant waived its jury demand. After checking with the insurance company, defendant's attorney informed plaintiffs, on May 16, 1977, that the defendant's insurance company would not agree to this request.

The hearing was held on May 18, 1977, the 35th day after judgment. The trial judge found defendant's motion improper since it had not been filed within 30 days of judgment and recommended that defendant withdraw the motion and file a section 72 petition. At defendant's request, its motion was denied rather than withdrawn.

Thereafter, on May 27, 1977, defendant filed a section 72 petition to vacate the ex parte judgment. The trial judge found that defendant's petition did not allege facts sufficient to establish a meritorious defense and granted defendant leave to file an amended section 72 petition. This amended petition was filed instanter on July 27, 1977, and was denied after a full hearing on August 22, 1977, on the basis that defendant failed to exercise due diligence in defending the case.

On August 29, 1977, defendant filed a notice of appeal from the April 13, 1977, ex parte judgment and the August 22, 1977, denial of his amended section 72 petition.

## I.

A party seeking to vacate a default judgment may proceed under section 50(5) of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 50(5).) Section 50(5) provides that, "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." A motion pursuant to section 50(5) must be filed within 30 days of the judgment. *Kollath v. Chicago Title & Trust Co.* (1975), 62 Ill. 2d 8, 338 N.E.2d 188.

In *Kollath*, plaintiff sought to vacate a dismissal order and reinstate the cause for trial. On the 30th day after the dismissal order had been entered, plaintiff filed a notice of the motion to vacate with the clerk of the circuit court. But plaintiff did not file the motion to vacate within the 30 days. The appellate court held that the filing of the notice of motion satisfied the requirements of section 50(5) in that it brought to the attention of the trial court within 30 days that a motion to reinstate a dismissed case would be argued on a future date. (*Kollath v. Chicago Title & Trust Co.* (1st Dist. 1974), 24 Ill. App. 3d 353, 356, 321 N.E.2d 344.) On appeal, the supreme court rejected this analysis and held that a notice of a motion is not the motion itself; that only the filing of the motion itself within the 30-day period would satisfy the language of section 50(5);

and that the trial court was without jurisdiction to entertain the motion. 62 Ill. 2d 8, 10-11.

■■ In the present case, on the 29th day after judgment, defendant hand-delivered to plaintiffs the notice of the motion and the motion to vacate the ex parte judgment. The notice informed plaintiffs that on May 18, 1977, defendant's attorney would appear before the trial judge who entered the ex parte judgment and move to vacate that judgment. For reasons best known to defendant, this notice and the motion to vacate were not filed in the office of the clerk of the circuit court of Cook County until May 18, 1977, the 35th day after judgment. In accordance with *Kollath*, the delivery of the notice of motion and the motion to the plaintiffs within 30 days of judgment failed to satisfy the requirements of section 50(5). The trial court lost jurisdiction to entertain the motion.

## II.

Plaintiffs maintain that if this court does not consider defendant's motion filed on May 18, 1977, as a motion pursuant to section 50(5), then it must be considered as a section 72 petition since it was filed more than 30 days after the ex parte judgment was entered. Therefore, plaintiffs contend that defendant's section 72 petition filed on May 27, 1977, later amended and ultimately denied on August 22, 1977, was in actuality defendant's second section 72 petition. Plaintiffs argue that the denial of defendant's motion to vacate on May 18, 1977, was a final, appealable order, and defendant's failure to file a notice of appeal within 30 days after the entry of that order renders this court without jurisdiction to entertain the defendant's appeal from the judgment entered on August 22, 1977.

■■ ■ Plaintiffs are correct in their contention that a verified petition to vacate a default judgment filed more than 30 days after judgment is entered will be construed as having been filed under section 72 of the Civil Practice Act (*Diner's Club, Inc. v. Gronwald* (1st Dist. 1976), 43 Ill. App. 3d 164, 167, 356 N.E.2d 1261), and that an order denying a section 72 petition to vacate a judgment is a final, appealable order (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3); *Nashlund v. Sabade* (1st Dist. 1976), 39 Ill. App. 3d 139, 144, 350 N.E.2d 90).

■■ However, we do not find that defendant's motion of May 18, 1977, although made more than 30 days after the ex parte judgment was entered, should be construed as a section 72 petition. The report of proceedings at the hearing held on May 18, 1977, indicated that the trial court found defendant's petition inadequate because it was filed after 30 days and was not a section 72 petition. Defendant's attorney stated that he had not prepared a section 72 petition. The court recommended that defendant file a petition under section 72 and until he did so defendant

had no standing. It is clear that defendant's motion of May 18, 1977, was not an attempt to bring a section 72 petition, nor did the trial judge consider it so. See *Diner's Club, Inc. v. Gronwald.*

The notice of appeal in this case appeals from the ex parte judgment of April 13, 1977, and the denial of the section 72 petition on August 22, 1977. Section 72, although it deals with relief from final judgments, orders, or decrees after 30 days of their entry, is not intended to relieve a party from the consequences of his own mistake or negligence. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294; *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 310, 357 N.E.2d 518.) As was stated in *Fisher v. Rhodes* (2d Dist. 1974), 22 Ill. App. 3d 978, 981, 317 N.E.2d 604:

> "[I]t was never intended that this procedural provision [section 72] should afford a litigant a fresh opportunity to do that which he should have accomplished in an earlier proceeding, * * *."

In the present case, plaintiffs notified defendant's insurance company of the ex parte judgment 23 days after it had been entered. Defendant had a week in which to prepare and file its motion to vacate before the expiration of the 30-day period. On the 29th day after judgment, defendant was told by the judge who had entered the ex parte judgment that he must file a motion to vacate within 30 days. Also on the 29th day after judgment, defendant was present in the building where the clerk of the circuit court is located, yet failed to file his motion. In his brief, defendant emphasizes that plaintiffs had promised not to contest his motion to vacate and then on the 30th day after judgment told him they would contest the motion. Plaintiffs' change of mind in no way prevented defendant from filing his motion within the 30-day period. (See *Stewart v. Monroe* (1st Dist. 1965), 62 Ill. App. 2d 414, 211 N.E.2d 144.) It is clear that if defendant acted promptly he could have presented his motion to vacate within the 30-day period. *Elmwood Ford Motors, Inc. v. Mardegan* (1st Dist. 1963), 42 Ill. App. 2d 342, 344, 192 N.E.2d 445.

Having failed to do so, defendant filed a section 72 petition in effect as a means of review of the ex parte judgment. It has been repeatedly held that section 72 may not be invoked to review an order from which a party could have appealed within the proper time frame, and it cannot be used as a substitute for the party's right to appeal. *In re Petition to Annex Certain Territory* (2d Dist. 1963), 42 Ill. App. 2d 432, 437, 192 N.E.2d 553; *Fisher v. Rhodes; Wells v. Kern* (5th Dist. 1975), 25 Ill. App. 3d 93, 97, 322 N.E.2d 496; *Dowling v. Baker* (1st Dist. 1975), 29 Ill. App. 3d 832, 837, 331 N.E.2d 320.

This court stated in *Oskvarek v. Richter* (1st Dist. 1961), 32 Ill. App. 2d 438, 443, 178 N.E.2d 209:

> "It is obvious that should the courts permit the use of Section 72 for

the relief of errors reviewable by appeal that the limitation in time for prosecuting an appeal would become ineffective."

In *Wells v. Kern,* a default judgment was entered against defendants on April 2, 1973. More than 30 days later, on July 9, 1973, defendants filed a motion to set aside judgment and for further relief. This motion was denied on November 8, 1973. No appeal from that denial was taken. On November 21, 1973, defendants filed a second motion to set aside the judgment which was denied on February 8, 1974. Again no appeal from that denial was taken. On March 8, 1974, a notice of appeal was filed by defendants appealing the April 2, 1973, default judgment. In dismissing the appeal, the court held it lacked jurisdiction to review the default judgment because the notice of appeal from that judgment was not filed within 30 days of its entry.

■■ The same is true in the present case. Defendant failed to take advantage of the means of relief available to him within 30 days of the ex parte judgment. That judgment was not susceptible to challenge by a section 72 petition and should have been dismissed by the trial court on a procedural basis. Accordingly, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

STAMOS, P. J., and PERLIN, J., concur.